IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE MIXON,

    Plaintiff,                         No. CIV S-00-1576 MCE KJM P

    vs.

ERNEST ROE, et al.,                  ORDER AND

    Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

           Plaintiff is a state prisoner, proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On May 23, 2005, defendants Pliler and Terhune filed a motion for summary judgment. Plaintiff filed his opposition on July 8, 2005, arguing in essence that he needs further discovery before he can respond to the motion.

A. <u>The Amended Complaint And The Procedural History</u>

           On August 3, 2001, plaintiff filed an amended complaint, alleging that Correctional Officer Alonso attempted to compel plaintiff to accept a smoker as his new roommate and, when plaintiff protested, filed a CDC-115 (rules violation report) charging plaintiff with disobeying a direct order. Plaintiff then filed a grievance, which was denied by defendant Pliler, "the Warden and direct supervisor of Officer Alonso." Am. Compl. at 1-2. The core of plaintiff's complaint is that Officer Alonso put petitioner in danger by compelling him to

1

"cell up with a smoking inmate," defendant Pliler condoned the actions by denying plaintiff's internal appeal, and the Director of Corrections (defendant Terhune) condoned Pliler's actions by denying plaintiff's appeal at the director's level. Id. at 3.

On October 25, 2002, the magistrate judge previously assigned to this case issued Findings and Recommendations, denying a motion to dismiss:

> Given the number of complaints about non-enforcement of CDC smoking policies, it is conceivable that plaintiff is attacking the denial of the appeal as a condoning of an irregular enforcement of that policy. Such an allegation would not present the situation where a CDC higher up is reviewing via the grievance process a one-time event for which he or she could not possibly have had notice. The court cannot say as a matter of law that previous, alleged refusals to enforce a non-smoking policy via prior administrative grievances could have played no part in defendant Alonso's alleged conduct. See Larez v. City of Los Angeles, 946 F.2d 630, 647 (9th Cir. 1991). The same analysis applies to plaintiff's sole allegation against defendant Pliler, wherein plaintiff claims that she, too, concurred in the conduct of one prison official who placed plaintiff in a cell with a smoking inmate.
>
> In his opposition, plaintiff claims that Pliler and Terhune should be held liable for failure to train defendant Alonso. In order to impose liability for failure to train, a plaintiff must establish that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably have been said to have been deliberately indifferent to the need." Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002). . . .In Clement, plaintiff had set forth numerous instances where prison officials had used pepper spray to harm bystander inmates, such that it was clear that supervisors were on "actual or constructive notice" of the need to train. Id. Dismissal on failure to train grounds is premature.

Findings and Recommendations (filed Oct. 25, 2002) at 5-6 (certain internal citations omitted). The court ultimately dismissed the action against defendant Alonso, however, because plaintiff had been unable to perfect service against him. Id. at 6; Order (filed February 13, 2003) at 2.

/////

/////

/////

B. <u>Summary Judgment Standards Under Rule 56</u>

Summary judgment is appropriate when it is demonstrated there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u> Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>See id.</u> at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. <u>See</u> Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party

1 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2 of the suit under the governing law, see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248
3 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir.
4 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5 return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433,
6 1436 (9th Cir. 1987).

7       In the endeavor to establish the existence of a factual dispute, the opposing party
8 need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
9 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).

14       In resolving the summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. <u>See</u> <u>Anderson</u>,
17 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party. <u>See</u> <u>Matsushita</u>, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn. <u>See</u> <u>Richards v. Nielsen</u>
21 <u>Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir.
22 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).
26 /////

On December 13, 2001, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

C. The Motion For Summary Judgment

    1. Admissibility Of Defendants' Exhibits

Defendants argue that case law does not support a failure to train claim against a state, as opposed to a municipal, employee; they did not fail to train Alonso regarding CDC's no smoking policy; there was no personal participation in any violation by defendants Terhune and Pliler; plaintiff may not recover for emotional injury because he has made no showing of physical injury; and defendants are entitled to qualified immunity. They have supported their motion with copies of orders from this court, Def'ts' Mem. P. & A. in Supp. Motion For Summary Judgment (MSJ), Exs. A & J, a number of documents that appear to be from plaintiff's central file or other correctional sources, id., Exs. B-I, K, and a declaration from Corey McKay, the Litigation Coordinator at California State Prison, Sacramento, id., Ex. L. Based on these exhibits, defendants argue there was no obvious need for defendants to train Officer Alonso regarding the smoking policy because plaintiff shared his cell with a smoker for a total of three hours and twenty one minutes only and that defendants Pliler and Terhune were not involved in Alonso's training on CDC policies. Id. at 7-10.

With the exception of documents issued by this court, of which the court takes judicial notice, defendants' evidence in support of their arguments is not authenticated and thus not admissible.

> Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901(a) . . . [U]nauthenticated documents cannot be considered in a motion for summary judgment.

Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002); Hal Roach Studios v.

Richard Feiner and Company, Inc., 896 F.2d 1542, 1550-51 (9th Cir. 1990). Documents attached to an exhibit list, as in this case, may be authenticated if their contents have "other distinctive characteristics, taken in conjunction with circumstances." Fed. R. Evid. 901(b)(4). In this case, however, defendants have not provided enough information for the court to determine that the evidence, particularly the movement logs upon which defendants rely, is what its proponent claims. Compare Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984) (certified copies of prison records, referred to in defendant's affidavit, properly considered on motion for summary judgment).

   Even if the court found the documents were properly authenticated, they nevertheless could not support a motion for summary judgment, for they are hearsay. Orr, 285 F.3d at 779; Fed. R. Evid. 801. Defendants have made no attempt to establish any exception to the hearsay rule that would permit this court to consider them for the truth of the matter asserted. See Federal Deposit Ins. Corp. v. Roldan Fonseca, 795 F.2d 1102, 1110 (1st Cir. 1986) (receipts could not be considered on motion for summary judgment when not accompanied by affidavit of person who could attest to their status as business records). Accordingly, the court cannot consider Exhibits B-I and K.

   In addition, the declaration of Corey McKay does not satisfy the requirements of Federal Rule of Civil Procedure 56(e), as defendants have not attached "certified copies of all papers" to which McKay refers. The court also cannot consider Exhibit L.

  2. Failure To Train

   Defendants argue that liability for a failure to train may be imposed on municipalities, but not on state actors. See Monell v. New York Dep't. of Social Services, 436 U.S. 658 (1978). This view is based on too expansive a reading of a footnote in Monell. In the body of its opinion, the court in Monell notes there is no impediment to deeming municipalities "persons" for purposes of the Civil Rights Act. Id. at 690. This holding, the court clarified in the footnote, does not extend to states. Id. at 690-91 n.54. Following the limiting footnote, the

1  court addresses the interplay between the doctrine of respondeat superior and official custom or
2  policy and liability. Id. at 693-94.
3          In Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002), the Ninth Circuit noted
4  that liability may be appropriate for state prison officials who were on notice of a need to train
5  officers concerning the impact of pepper spray on bystander inmates. This court is not free to
6  ignore the Ninth Circuit's consideration of a situation analogous to that presented by this case.
7  Indeed, defendants rely on Clement in their attack on their potential liability for failure to train
8  Alonso on CDC's non-smoking policy, arguing there has been no failure to train. MSJ at 6.
9          Notwithstanding the foregoing, when the non-moving party bears the burden of
10 proof at trial

> the burden on the moving party [on summary judgment] may be
> discharged by "showing"–that is, pointing out to the district
> court–that there is an absence of evidence to support the
> nonmoving party's case.

14 Celotex Corporation v. Catrett, 477 U.S. at 325; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th
15 Cir. 2001).
16         In this case, it is plaintiff's burden to show defendants' deliberate indifference to
17 his exposure to second-hand smoke (also known as "Environmental Tobacco Smoke" or ETS);
18 the required showing has subjective and objective components. Helling v. McKinney, 509 U.S.
19 25, 35-37 (1993) (ETS); Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (inmate's
20 burden to show deliberate indifference). In the context of a failure to train claim, an inmate
21 bears the burden of showing that the need for more or different training is obvious and the failure
22 to provide such training is sufficiently likely to lead to constitutional violations such that the
23 supervisors or policy makers may be deemed to have been deliberately indifferent to the need.
24 Clement, 298 F.3d at 905. Defendants claim plaintiff cannot meet this burden. MSJ at 4.
25         In response, plaintiff suggests that answers he received to interrogatories were
26 inadequate and he needs additional discovery. He attaches a copy of a request for production of

7

documents he mailed to defendant Pliler after discovery was closed in this case. Opposition (Opp'n) at 2-3 & Ex. A. He has not otherwise met either the objective or subjective components of his burden.

Rule 56(f) of the Federal Rules of Civil Procedure permits a court to deny or continue determination of a motion for summary judgment "should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition."

The Ninth Circuit has held:

> References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f). Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment.
>
> Further, the movant cannot complain if it fails to pursue discovery diligently before summary judgment.

Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986). Similarly, an implicit motion for more time to conduct discovery will not bar summary judgment. State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (pro se plaintiffs still must follow rules of procedure).

Although plaintiff suggests the need for more discovery in his opposition, he has not submitted the affidavit required by Rule 56(f), or otherwise clearly explained why he did not pursue the discovery he now seeks during the period between the issuance of the discovery order on December 10, 2004 and the deadline of April 8, 2005 set in that order. Accordingly, plaintiff's request for further discovery will be denied.

IT IS HEREBY ORDERED that plaintiff's request for further discovery contained in his opposition filed July 8, 2005 is denied.

IT IS HEREBY RECOMMENDED that defendants' May 23, 2005 motion for summary judgment be granted.


Case 2:00-cv-01576-MCE-KJM   Document 69   Filed 02/06/06   Page 9 of 9

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  DATED:  February 6, 2006.

_____
UNITED STATES MAGISTRATE JUDGE